## IN THE UNITED STATES DISTRICT COURT FOR
## THE SOUTHERN DISTRICT OF WEST VIRGINIA

### HUNTINGTON DIVISION

UNITED STATES OF AMERICA

v.                                                    CRIMINAL ACTION NO.   3:24-00100

DUSTIN STOVER BOWLES

### MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Dustin Stover Bowles' Motion for Bill of Particulars. ECF No. 28. For the following reasons, the Court **DENIES** the motion.

On June 11, 2024, Defendant was charged in a two count indictment. Count One charges Defendant with Knowingly Engaging in, and Knowingly Attempting to Engage in, a Sexual Act with a Child who had not Attained the Age of 12 Years, in violation of 18 U.S.C. § 2241(c) and 3261(a)(2). Count Two charges Defendant with Knowingly Engaging in, and Knowingly Attempting to Engage in, Sexual Conduct with a Child who had not Attained the Age of 12 Years, in violation of 18 U.S.C. § 2244(a)(5) and 3261(a)(2). The indictment further provides the alleged conduct occurred between on or about January 1, 2006, and on or about December 31, 2006, at or near Hanau, Germany, where Defendant was on active duty with the United States Army.

In his motion, Defendant argues he is unable to ascertain from the indictment the nature of the charges against him, which is hampering his defense. Therefore, Defendant asserts the Court should direct the Government to identify (1) specifically where in Hanau, Germany the alleged sexual act and sexual conduct took place; (2) the particular sexual act and sexual contact the Government asserts he committed; (3) the specific date and/or time in 2006 that the alleged crimes occurred; and (4) all facts and circumstances the Government knows that tend to prove he

knowingly attempted to engage in crimes with the alleged victim. The Government has responded that it already has provided Defendant all the information he needs to mount his defense.

Pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure, this Court "may direct the government to file a bill of particulars" and a "defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits." Fed. R. Crim. P. 7(f), in part. Although the Government argues Defendant has failed to demonstrate any good cause reason why he did not file within the 14-day window and waited until a month before trial to file his motion, the Court shall allow the motion and rule on its merits.

Rule 7(c)(1) of the Federal Rules of Criminal Procedure provides that an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged[.]" Fed. R. Crim. P. 7(c)(1), in part. In addition, the United States Constitution requires "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury . . . nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb[.]" U.S. Const. amend. V, in part. Furthermore, an accused has the right "to be informed of the nature and cause of the accusation[.]" U.S. Const. amend VI, in part. The question presented then is whether Defendant is entitled to a bill of particulars to prevent a violation of his constitutional rights. The Court finds in its discretion that he is not. *See Will v. United States*, 389 U.S. 90, 99 (1967) (stating a court has broad discretion in ruling on a request for a bill of particulars).

As stated by the Supreme Court, "an indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions

for the same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974) (citation omitted).[1] Here, the indictment tracks the language of the statutes, but Defendant argues he does not have enough factual information for him to defend against those charges.

First, as to Defendant's claim the Government must provide him the exact date and time the alleged crimes occurred, the Court finds such specificity is not required in this case. The indictment sets forth that the alleged crimes occurred sometime in 2006. However, the exact date and time of the offenses is not an essential element of either crime. Additionally, in the context of a child abuse case, the Court finds the time frame provided in the indictment is reasonable as young children often are unable to recall exact days or times of their abuse. *See Valentime v. Konteh*, 395 F.3d 626, 632 (6th Cir. 2005) (collecting cases and stating "[t]his Court and numerous others have found that fairly large time windows in the context of child abuse prosecutions are not in conflict with constitutional notice requirements" as young victims of abuse oftentimes cannot recall a precise time and date). The Court finds it is particularly true in this case where the alleged crimes occurred nearly two decades ago. Moreover, the Government has provided Defendant a statement by "Victim 1," in which she said that "she knew it was fall because she recalled the leaves changing colors,"[2] which provides Defendant with an even more narrower time frame than contained in the indictment. Additionally, Victim 1 stated that the abuse occurred in the evening under a blanket on Defendant's couch after they finished watching a movie. She further said her brother was in the

---

[1] The Fourth Circuit has explained that a claim of double jeopardy does not rise or fall solely on the language in the indictment; rather, the court must examine the entire record of the prior proceedings to determine whether a future prosecution for the same offense is barred. *United States v. Am. Waste Fibers Co.*, 809 F.2d 1044, 1047 (4th Cir. 1987) (citations omitted).

[2] The Government asserts this statement was produced to defense counsel on June 27, 2004, under Bates Number 000300.

room at the time and Defendant removed his hand when his then-wife walked into the room. Given these details and the fact Victim 1 was a child and the alleged events occurred sometime ago, the Court rejects Defendant's assertion he should be provided the exact time and day of the alleged abuse.

Second, the Court considers Defendant's remaining arguments that the Government should identify the specific sexual act and contact he is alleged to have committed, the specific location in Hanau where the acts are alleged to have occurred, and all other facts and circumstances the Government knows that tends to prove his guilt. In response, the Government maintains that it has provided Defendant comprehensive discovery and all evidence material to his defense has been disclosed. The Government states it has provided Defendant discovery showing that the abuse occurred while he was babysitting "Victim 1"[3] and her brother at Defendant's residence. In statements provided to Defendant, Victim 1 claims that she felt his "hand reach into her pants and underwear, reaching his hand down all the way to where she felt him touch her vagina" and that he "was moving his hand around and started to rub her vagina."[4] Clearly, this discovery is sufficient to alert Defendant to the alleged sexual act and contact at issue. Additionally, not only is the precise location in Hanau not an element of the offense, but the Government also provided Defendant with discovery listing his address in Hanau.[5] Thus, Defendant is aware of where the criminal conduct allegedly occurred. Finally, the Government asserts it functionally has provided

---

[3]There are three other alleged victims of sexual abuse by Defendant, but those alleged incidents of abuse are not included in this federal indictment.

[4]The Government produced this statement to defense counsel on June 27, 2004, under Bates Number 000301.

[5]The Government states it provided Defendant discovery with the address of his spouse and children with whom he lived with in Hanau, under Bates Numbers 000023 and 000024.

Defendant with all the information in its possession, including an interview with Victim 1 detailing the when, where, and how Defendant sexually abused her, text messages Victim 1 and Defendant exchanged with one another, all reports of investigation, Defendant's own statements, recordings of interviews with witnesses, and Defendant's military records. Therefore, the Government contends that a bill of particulars is unwarranted. Upon review, the Court agrees as Defendant already is in possession of all the information he seeks. *See United States v. Najera*, 585 F. App'x 185 (4th Cir. 2014) (per curiam) (finding the district court did not abuse its discretion by denying a motion for a bill of particulars where "the Government provided [the defendant] with full discovery" and the defendant "failed to show that he suffered any unfair surprise" (citations omitted)).

Accordingly, for the foregoing reasons, the Court finds a bill of particulars is unnecessary and **DENIES** Defendant's Motion for Bill of Particulars. ECF No. 28.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel and the defendant, the United States Attorney's Office, the United States Probation Office, and the United States Marshals Service.

ENTER:        November 21, 2024

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE