UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON GRAND JURY 2024
APRIL 16, 2025 SESSION

**FILED**

**APR 16 2025**

RORY L. PERRY II, CLERK
U.S. District Court
Southern District of West Virginia

UNITED STATES OF AMERICA

v.

DUSTIN STOVER BOWLES

CRIMINAL NO. 3:24-cr-00100
18 U.S.C. § 2241(c)
18 U.S.C. § 2244(a)(5)
18 U.S.C. § 3261(a)(2)

# S U P E R S E D I N G
## I N D I C T M E N T

The Grand Jury Charges:

### General Allegations

At all times relevant to this Superseding Indictment:

1.    The conduct alleged occurred at or near Hanau, Germany, outside of the jurisdiction of any particular State and District, and within the venue of the United States District Court for the Southern District of West Virginia, under 18 U.S.C. § 3238.

2.    Defendant DUSTIN STOVER BOWLES's last known address is in and around Putnam County, West Virginia, which is in the Southern District of West Virginia.

3.    Between on or about October 8, 2003, and on or about August 1, 2008, defendant DUSTIN STOVER BOWLES served on active duty with the United States Army and was a member of the Armed Forces

subject to Title 10, United States Code, Chapter 47 (the Uniform Code of Military Justice). Between on or about October 25, 2005, and on or about August 1, 2008, defendant DUSTIN STOVER BOWLES was stationed at a U.S. military installation in and about Hanau, Germany.

## COUNT ONE

4.   The Grand Jury realleges and incorporates by reference Paragraphs 1 through 3 of this Superseding Indictment as though fully set forth herein.

5.   Between on or about September 1, 2006, and on or about December 31, 2006, defendant DUSTIN STOVER BOWLES, while then a member of the Armed Forces subject to Title 10, United States Code, Chapter 47 (the Uniform Code of Military Justice), engaged in conduct outside of the United States that would constitute an offense punishable by imprisonment for more than one year if the conduct had been engaged in within the special maritime and territorial jurisdiction of the United States, that is, defendant DUSTIN STOVER BOWLES, did knowingly engage in, and knowingly attempt to engage in, a sexual act, as defined under 18 U.S.C. § 2246(2), with a child, Victim 1, whose identity is known to the Grand Jury, and who had not attained the age of 12 years.

In violation of Title 18, United States Code, Sections 2241(c) and 3261(a)(2).

## COUNT TWO

6.    The Grand Jury realleges and incorporates by reference Paragraphs 1 through 3 of this Superseding Indictment as though fully set forth herein.

7.    Between on or about September 1, 2006, and on or about December 31, 2006, defendant DUSTIN STOVER BOWLES, while then a member of the Armed Forces subject to Title 10, United States Code, Chapter 47 (the Uniform Code of Military Justice), engaged in conduct outside of the United States that would constitute an offense punishable by imprisonment for more than one year if the conduct had been engaged in within the special maritime and territorial jurisdiction of the United States, that is, defendant DUSTIN STOVER BOWLES did knowingly engage in, and knowingly attempt to engage in, sexual contact, as defined under 18 U.S.C. § 2246(3), with a child, that is, Victim 1, whose identity is known to the Grand Jury, and who had not attained the age of 12 years.

In violation of Title 18, United States Code, Sections 2244(a)(5) and 3261(a)(2).

LISA G. JOHNSTON
Acting United States Attorney

By:    _____
JENNIFER RADA HERRALD
Assistant United States Attorney

_____
EDUARDO ALBERTO PALOMO
Trial Attorney
Department of Justice
Child Exploitation and Obscenity Section